**J. Michael Mattingly**, OSB No. 953498
mmattinglylaw@comcast.net
Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
Tel: (503) 313-9038

**ATTORNEY FOR THE PLAINTIFFS**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| STACY ALBERT CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES FARR, et al., <br><br> Defendants. | CASE NO. 2:22-CV-00294-SI <br><br> **PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY** <br><br> *Oral Argument Requested* |

Pursuant to Fed.R.Civ.P. 26(b), Fed.R.Civ.P. 33, Fed.R.Civ.P. 34, Fed.R.Civ.P. 37, and LR 7-1, and the Declaration of Plaintiffs' counsel, J. Michael Mattingly, along with exhibits attached thereto ("Decl. of Counsel"), Plaintiffs move for an order compelling Defendant Umatilla County[1] to fully respond to Plaintiffs' Interrogatories as required of a governmental agency under Fed.R.Civ.P. 34(b)(1)(B). Plaintiff further moves the Court for an order compelling Umatilla County to produce documents relating to the "Use of Force Review Board" conducted its department, the Umatilla County Sheriff's Office ("UCSO"), following the officer-involved

---

[1] For purposes of this motion, Defendants Umatilla County and UCSO will be treated as the same entity since, in Oregon, a county's Sheriff's Office is ordinarily regarded as a department of the county. *See* ORS 204.005(1) (a sheriff is an elected officer of a county). Moreover, Umatilla County and UCSO have jointly responded to these discovery requests and, in the case of the Answer to Plaintiffs' First Set of Interrogatories, used the same agent for purposes of responding with "personal knowledge" to the interrogatories and verifying the answers.

1 -   PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES
    AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS
    FROM DEFENDANT UMATILLA COUNTY

shooting of Plaintiff Clark.

## CERTIFICATE OF COMPLIANCE

In accord with LR 7-1 and LR 26-3, Plaintiffs certify they conferred in person and in good faith with the State Defendants by email, telephone and in person, but the parties were unable to resolve the dispute.

## BACKGROUND

This lawsuit concerns the Defendants' Fourth Amendment violations, including a warrantless encroachment into Plaintiffs' home and curtilage during non-waking hours, and Defendant Post's and Farr's unlawful use of deadly force when they shot Plaintiff Clark three times (twice in his torso, once grazing his left ear) with high-powered, semi-automatic military-style rifles as he stood in the doorway of his home. This motion addresses two types of discovery violations, each of which will be addressed separately.

## LEGAL STANDARDS

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," regardless of ultimate admissibility. Fed. R. Civ. P. 26(b)(1). "Relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Wilson v. Decibels of Ore., Inc.*, 2017 US Dist LEXIS 11302, at *6 (D Or Jan. 26, 2017) (internal quotations and citations omitted). A party is obligated to produce "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(2)(A).

The burden is on the party objecting to discovery to show that discovery should not be allowed. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2214, at 644 (1970).

## SUMMARY OF ARGUMENT

Plaintiff's first motion concerns Defendant Umatilla County's failure to properly respond to interrogatories. Plaintiffs served Defendant Umatilla County/UCSO with a set of Interrogatories relating to key issues in this case. Umatilla County, a governmental agency, proceeded to respond

2 -   PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

to many of these interrogatories only through the personal knowledge of a single individual, Lt. Sterrin Ward, in its employment. These responses are plainly deficient under Fed.R.Civ.P. 33(b)(1)(B), which require governmental agencies such as Umatilla County and Milton-Freewater to "furnish the information available to the party."

Plaintiffs' second motion concerns Umatilla County's refusal to produce highly relevant and non-privileged records relating to the conduct and recommendations of its "Use of Force Review Board" (UFRB) that reviewed and made recommendations regarding Defendant Post's[2] shooting of Mr. Clark. The records sought are plainly relevant to Plaintiff Clark's First Claim for Relief against Defendants Post and Farr and are likely to contain information and records otherwise not available to Plaintiffs. Moreover, the UFRB records directly concern Umatilla County's potential liability under Plaintiff Clark's Second Claim for Relief under *Monell*.[3] Moreover, there has been no asserted privilege that otherwise protects the UFRB records from production, and Umatilla County has failed to properly invoke the "official information" qualified privilege.

## MOTION TO COMPEL NO. 1

Plaintiffs' first motion concerns Defendant Umatilla County's failure to properly respond to Plaintiffs' Interrogatories Nos. 1-10.

### Factual Background

On May 20 and July 14, 2022, Plaintiffs served their First Set of Interrogatories to UCSO and Umatilla County, respectively. (Mattingly Decl., Ex. A, B) These interrogatories were identical and sought information known to these entities that is relevant to this lawsuit. (*Id.*)

The interrogatories served to Umatilla County/UCSO sought the following fundamental

---

[2] UCSO Deputy Jason Post, who shot Plaintiff Clark at least two times, died in an unrelated and tragic river rafting accident in June 2021. Because of his death, the defendant in this lawsuit is Rosanna Post, Personal Representative of the Estate of Jason Post. However, for ease of reference, "Defendant Post" will refer to Deputy Post.

[3] *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

3 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

information:

"**INTERROGATORY NO. 1:**   State the full name, badge number, DPSST number, and, if employed by UCSO, the position in UCSO of all law enforcement officers who were present at any time during the events described in the Plaintiffs' Complaint or any investigation of those events that followed.

**INTERROGATORY NO. 2:**   For each individual named in response to Interrogatory No. 1, detail whether that person shot, struck, hit, carried, handcuffed, arrested, detained, aimed a firearm toward, or otherwise had physical contact with any Plaintiff.  In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

**INTERROGATORY NO. 3:**   For each individual named in response to Interrogatory No. 1, state where each Plaintiff was observed, what each Plaintiff was doing, what each Plaintiff was wearing, and whether any Plaintiff had any visible injuries, wounds, blood loss, or bruises.  In responding to this interrogatory, specifically identify each person or document that was the source of this information and what each particular source stated.

**INTERROGATORY NO. 4:**   For each individual named in response to Interrogatory No. 1, provide that individual's account of the events described in the Plaintiffs' Complaint and any investigation that followed.

**INTERROGATORY NO. 5:**   For each individual named in response to Interrogatory No. 1, state that individual's detailed explanation of why he/she went to the area of the events described in Plaintiffs' Complaint at the time of those events or any investigation that followed, and what, if any, information he/she possessed or was told about to support the use of force (including deadly force) on, or arrest and/or detention of, any Plaintiff.  Each individual, in responding to this interrogatory, is directed to state whether this information derived from personal observation or from any other source, which source is to be explicitly identified.

**INTERROGATORY NO. 6:**   For each individual named in response to Interrogatory No. 1, state whether that person was struck or injured in any way or the subject of any alleged resistance, threat, or assaultive behavior by any Plaintiff during the events described in Plaintiffs' Complaint.

**INTERROGATORY NO. 7:**   Provide the names of all civilian employees, witnesses, and any and all other individuals who were present, or in communication with any person present, at any time during the events described in Plaintiffs' Complaint.

**INTERROGATORY NO. 8:**   For each individual named in response to Interrogatory No. 7, state whether that individual visually observed any Plaintiff

4 -   PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

and provide a detailed description from each individual regarding his/her observations of any Plaintiff he/she observed, and that Plaintiff's behavior. In responding to this interrogatory, identify the source of that information as to each individual.

**INTERROGATORY NO. 9:** Identify any and all documents that reference in any way contact by law enforcement officers of UCSO with any Plaintiff during the events described in Plaintiffs' Complaint and any investigation that followed, including but not limited to, all UCSO Case No. 20-0278 investigation reports, Computer Assisted Dispatch (CAD) sheets, radio tape transcripts, patrol logs, custody logs, and use of force forms.

**INTERROGATORY NO. 10:** Identify by name, badge number, and DPSST number all officers in UCSO assigned to work in the area of the events described in Plaintiffs' Complaint at the time of those events."

*UCSO's Preliminary "Response" to Plaintiffs' Interrogatories*

On July 8, 2022, UCSO served a "Response" to Plaintiffs' First Set of interrogatories. (Mattingly Decl., Ex. C) The responses to Interrogatories Nos. 1-10 and Nos. 13-18 each contained the following boilerplate non-substantive response:

> "This interrogatory will be answered by the Captain in Patrol based on his personal knowledge. To the extent the Captain has personal knowledge of the facts requested so that he can answer the interrogatory under oath, the interrogatory will be answered. He will not provide any facts based upon hearsay or lack of personal knowledge. The source of all information he provides will be his personal knowledge. He will not interview any people to obtain any information he does not know. He has no authority to contact and interview people not employed by the County. The Plaintiffs and their attorney can do their own investigation and can interview any people or witnesses they desire. The Captain will not do an investigation for the Plaintiffs."

(*Id.*) No objections to the interrogatories themselves were ever made. (*Id.*)

*Umatilla County/UCSO's Second "Answer" to Plaintiffs' Interrogatories*

More than four weeks later, on August 10, 2022, Umatilla County and UCSO jointly served a second document that was captioned as an "Answer" to the Plaintiffs' First Set of Interrogatories. (Mattingly Decl., Ex. D) As with the earlier "Response," Umatilla County provided virtually no substantive responses to Interrogatories Nos. 1-10. Rather, their responses to these interrogatories contained the following boilerplate language:

5 -   PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

MATTINGLY LAW FIRM, LLC
12725 SW MILLIKAN WAY, SUITE 300
BEAVERTON, OR 97005
T: 503.313.9038 | E: MMATTINGLYLAW@COMCAST.NET

"The information to this interrogatory can be obtained from the documents, reports, and statement already provided to you by the Defendants. I was not present at the scene of the incident; thus, I do not know the rest of the information requested. The rest of the information can be obtained from you getting the report of the investigation of the Oregon State Police from the Oregon State Police."

(*Id.*) Again, no objections were made to Interrogatories Nos. 1-10. (*Id.*)

Umatilla County's "Answer" to Plaintiffs' First Set of Interrogatories was verified by "Sterrin Ward." (*Id.* at p.10) To Plaintiffs' knowledge, that individual – who answered only on the basis of "personal knowledge" – does not have any connection or personal knowledge concerning any of the events at issue in this lawsuit.

### Argument for Motion to Compel No. 1

A party's interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). "The interrogatories must be answered: . . . (B) if that party is a public or private corporation, . . . or a governmental agency, by any officer or agent, who must furnish the information *available to the party*." Fed.R.Civ.P. 33(b)(1)(B) (emphasis added). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

To satisfy the requirements of Fed.R.Civ.P. 33(b)(1)(B), an entity such as Umatilla County may not respond simply by relying upon the "personal knowledge" of a single person within that entity. *See*, *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 (8th Cir. 1973). An agent of the responding party is "obligated to furnish all information available to the corporation, which responsibility is not delimited by his own personal knowledge of the situation." *Id.* Indeed, knowledge of the officers and employees of the responding entity, whether it be a corporation or a governmental agency such as Umatilla County, regarding the subject matter of the lawsuit is imputed to the corporation or governmental agency itself. *Id.* Accordingly, the agent responding on behalf of a corporation or governmental agency is "duty bound to secure all information available" to it, including information within the personal knowledge of current and former employees. *Id.*; *See also*, *Novikoff v. United States*, Case No. CIV S-11-3023 MCE EFB (E.D.

6 -  PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

Cal. May 16, 2012) ("Defendant is reminded of its obligation to conduct a thorough, diligent search in order to answer the interrogatories with all information *available* to defendant, including information known to anyone in the defendant's employ or over whom it has control." (emphasis in original)).

Umatilla County has plainly failed to comply with its obligations under Fed.R.Civ.P 33(b)(1)(B). In its initial "Response," Umatilla County/UCSO expressly stated that it was answering only on the basis of the "personal knowledge" of the "Captain in Patrol." It asserted that it would only answer the interrogatories to the extent that the Captain in Patrol had "personal knowledge" of the facts sufficient to allow him to answer under oath, and reiterated that the source of the answers was solely the Captain's "personal knowledge." In case Umatilla County's point wasn't already made painfully clear, its response continued: "[The Captain in Patrol] will not interview any people to obtain any information he does not know."

Umatilla County's second "Answer" to Plaintiffs' interrogatories is no better. Other than directly Plaintiffs to unspecified "documents, report, and statement [sic] already provided to you by the Defendants," the agent answering on behalf of Umatilla County continues to respond that he "was not present at the scene of the incident; thus, I do not know the rest of the information requested."

Umatilla County's responding agent has blatantly refused to undertake any effort to gather the information available to it through its own records and through the information known by its own officers and employees for purposes of its interrogatory responses. Umatilla County's responses to Interrogatories Nos. 1-10 do not comply with Fed.R.Civ.P. 33(b)(1)(B).

Plaintiffs move the Court for an Order requiring Umatilla County to fully respond to Interrogatories Nos. 1-10 as set forth above within seven (7) days.

## MOTION TO COMPEL NO. 2

Plaintiffs' second motion concerns Defendant Umatilla County's refusal to produce records relating to its "Use of Force Review Board" ("UFRB") review.

7 -  PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

## Factual Background

On February 21, 2023, Plaintiffs served their Second Requests for Production ("RFP") to Umatilla County. (Mattingly Decl., Ex. D) For purposes of this motion, RFP No. 32 is at issue.

RFP No. 32 was written in light of UCSO's Policy No. 301, entitled "Deadly Force Review." (Mattingly Decl., Ex. E) That policy provides, in relevant part:

> "**301.2 POLICY**
> The Umatilla County Sheriff's Office *will objectively evaluate the use of force by its members to ensure that their authority is used lawfully, appropriately and is consistent with training and policy*.
>
> \* \* \*
>
> **301.4 REVIEW BOARD**
>
> The Use of Force Review Board will be convened when the use of force by a member results in very serious injury or death to another.
>
> The Use of Force Review Board will also *investigate and review the circumstances surrounding every discharge of a firearm*, whether the employee was on- or off-duty, excluding training or recreational use.
>
> *The Sheriff may request the Use of Force Review Board to investigate the circumstances surrounding any use of force inciden*t.
>
> \* \* \*
>
> 301.4.2 RESPONSIBILITIES OF THE BOARD
>
> The Use of Force Review Board is empowered to conduct an *administrative review and inquiry into the circumstances of an incident.*
>
> The board members may request further investigation, request reports be submitted for the board's review, call persons to present information and request the involved employee to appear. The involved employee will be notified of the meeting of the board and may choose to have a representative through all phases of the review process.
>
> \* \* \*
>
> The review shall be based upon those facts which were reasonably believed or known by the deputy at the time of the incident, *applying any legal requirements, department policies, procedures and approved training to those facts*. Facts later

8 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

> discovered but unknown to the deputy at the time shall neither justify nor call into question a deputy's decision regarding the use of force.
>
> Any questioning of the involved employee conducted by the board will be in accordance with the department's disciplinary procedures, the Personnel Complaints Policy, the current collective bargaining agreement and any applicable state or federal law.
>
> The board shall make one of the following recommended findings:
>
>> (a) *The employee's actions were within department policy and procedure.*
>> (b) *The employee's actions were in violation of department policy and procedure.*
>
> \* \* \*
>
> *The Sheriff shall review the recommendation, make a final determination as to whether the employee's actions were within policy and procedure* and will determine whether any additional actions, investigations or reviews are appropriate. The Sheriffs final findings will be forwarded to the involved employee's Division Lieutenant for review and appropriate action. If the Sheriff concludes that discipline should be considered, a disciplinary process will be initiated.
>
> At the conclusion of any additional reviews, copies of all relevant reports and information will be filed with the Sheriff."

(*Id.*) (emphasis added)  Thus, a clear purpose of the UFRB review and the Sheriff's final determination is to evaluate and potentially ratify a UCSO employee's use of deadly force and the circumstances around it, and to determine whether the employee acted within UCSO's legal requirements, policies, procedures, and training.  (*Id.*)

In light of UCSO Policy No. 301, Plaintiff's made the following RFP:

> "**REQUEST FOR PRODUCTION NO. 32:** All documents that are part, were reviewed, were created, or otherwise relate to any way the Use of Force Review Board (UFRB) review of Defendant's Post's shooting of Plaintiff Clark, including but not limited to the selection of the UFRB members, all communications, correspondence, documents, policies reviewed, notes, memos, minutes, transcripts, reports, information, recommendations, and determinations."

(Mattingly Decl, Ex. D at p.6)

On April 3, 2023, Defendant Umatilla County responded as follows:

> "RESPONSE: Objections. The review was an after-the-fact review that is protected by the confidentiality of such a review and state law. Any findings are inadmissible

9 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

and would not lead to admissible evidence. The review is for remedial purposes and to allow the public to review these findings would encourage agencies not to hold such review boards."

(Mattingly Decl., Ex. F at p.5)  Umatilla County's did not identify a legal basis for asserting that the UFRB records were "protected by the confidentiality of such a review and state law."  (*Id.*)

### Argument for Motion to Compel No. 2

Under Fed.R.Civ.P. 34(a):

"A party may serve on any other party a request within the scope of Rule 26(b):  (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

Plaintiffs RFP No. 32 requests UFRB records that directly relate to the matters raised in this lawsuit the circumstances surrounding the use of deadly force by Defendant Post against Plaintiff Clark, whether Defendant Post's actions were in compliance with Umatilla County/UCSO policies and procedures, and if not, whether Umatilla County/UCSO has nonetheless ratified Defendant Post's actions.  These records are highly relevant to Plaintiff Clark's Fourth Amendment claims against Umatilla County.[4]  As established by UCSO Policy No. 301, a key purpose of the UFRB review is to determine whether a UCSO's use of deadly force, and the circumstances surrounding that use of force, was in compliance with UCSO policy and procedure. Those findings will be directly and highly relevant to Plaintiff's *Monell* claims against Umatilla County, which allege that Umatilla County has a policy, custom, and/or procedure which allows UCSO deputies to shoot suspects when there is no threat of deadly force, to shoot suspects without warning, and to shoot suspects without awareness of the totality of the circumstances which would

---

[4] At this time, Plaintiffs obviously cannot stipulate at this time to the admissibility of any UFRB records that may be produced.  However, the standard for discovery is relevance, not admissibility.  Fed.R.Civ.P. 26(b)(1).

10 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

not justify such use of force. (ECF 1, p.24)

Moreover, the UFRB was authorized to gather additional information and interview witnesses, including Defendant Post. Thus, the UFRB records are likely to reveal information that has otherwise been unavailable to Plaintiffs. In this case, the interest in obtaining these materials is heightened by Defendant Post's tragic passing and Plaintiff Clark's inability to ever obtain testimony from Defendant Post under oath.

In opposing production of the highly relevant UFRB records, Umatilla County has baldly asserted that the UFRB records would not be produced because they are "confidential," and that production would be contrary to state law. Umatilla County provides no citation to authority for either of these objections, and Plaintiffs are not aware of any such authority.[5]

Umatilla County has not objected on the basis of "privilege." "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed.R.Civ.P. 34(b)(2)(C). "Failure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection." L.R. 26-5(a); *Williams v. Grant Cty.*, Case No. 2:15-cv-01760-SU at *4 (D. Or. August 25, 2017). Moreover, in federal question cases, such as this action brought under 42 U.S.C. § 1983, "the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987).

"Courts consistently hold that evidence gathered in the course of an internal police investigation is discoverable and not protected by the work-product qualified immunity." *Smith*

---

[5] Plaintiffs anticipate that Umatilla County may seek to rely on statutory exemptions to disclosure of public records under Oregon's Public Records Law, ORS 192.311 – 192.478, and/or Oregon state law limitations on the disclosure of information about a personnel investigation of a public safety officer "if the investigation does not result in discipline of the employee." ORS 181A.674(3). It is well settled that exemptions under Oregon's Public Records Law do not limit the broad discovery authorized by Fed.R.Civ.P. 26(b)(1). *Brown v. State Dep't. of Corr.*, 173 F.R.D. 262, 264 (D. Or. 1997); *Shafer v. City of Elgin*, Case No. 2:12-CV-00407-SU at *5 (D. Or. March 28, 2014).

11 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

*v. Cuolombe*, Case No. 2:11-cv-531-SU at *8 (D. Or. February 4, 2023); *See also*, *Anderson v. Marsh*, 312 F.R.D. 584 (E.D. Cal. 2015) (holding that in a § 1983 police shooting case, internal investigation records were discoverable, consistent with the great weight of authority). "This is because police departments are under an 'affirmative *duty,* in the normal course of serving their public function' to investigate allegations of police misconduct and thus such investigations are generally not prepared primarily in anticipation of litigation and the policies that underlie the work product doctrine are inapplicable." *Smith* at *8 (*quoting Kelly v. City of San Jose,* 114 F.R.D. 653, 659 (N.D. Cal. 1987) (emphasis in original).

Even setting aside the lack of any objection based on "privilege," and the waiver thereof, Plaintiffs are aware of only one potential basis for a privilege objection. In the context of § 1983 claims, courts recognized a qualified privilege for official information such as internal investigations. *See, e.g.*, *Kelly*, 114 F.R.D. 653 (N.D. Cal. 1987) (evaluating the factors to be considered for discovery of a police internal investigation report in a § 1983 claim); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033. "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Sanchez*, 936 F.2d at 1033-34. In this case, the information sought by Plaintiffs is directly and highly relevant to Plaintiff Clark's claims, both for unlawful search and excessive force claims against Defendants Post and Farr, and for the *Monell* claims against Umatilla County. Meanwhile, Umatilla County has not identified harm (other than potential prejudice to the defense of this lawsuit) that would occur by production of the UFRB records in this federal civil rights lawsuit.

Even more problematic for Umatilla County is that it failed to properly invoke the "official information" qualified privilege. The party asserting this qualified privilege must: (1) within the time permitted by rule for responding to the RFP, serve and file an objection that invokes the official information privilege by name; (2) submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible

12 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

MATTINGLY LAW FIRM, LLC
12725 SW MILLIKAN WAY, SUITE 300
BEAVERTON, OR 97005
T: 503.313.9038 | E: MMATTINGLYLAW@COMCAST.NET

official within the agency about the interests threatened by a particular disclosure and how much harm to those interests is likely. *Kelly*, 114 F.R.D. at 669-70. "[A] principal reason for imposing these requirements is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests that line up, in the particular situation before the court, against the requested disclosure." *Id.* at 670.

Umatilla County's response to RFP No. 32 was untimely. Plaintiffs' Second Set of Requests for Production was served on February 21, 2023; Umatilla County's response was not served until April 3, 2023 – 41 days later, and 11 days late. Moreover, Umatilla County did not invoke the "official information" privilege by name, nor did it provide an affidavit or declaration by any official regarding its interests threatened by disclosure of the UFRB records or the level of harm to those interests that it would suffer. Simply stated, Umatilla has failed to meet the bare minimum threshold for invocation of the "official information" qualified privilege.

Plaintiffs request that this Court order Umatilla County to produce its UFRB records within seven (7) days.

Dated this 5th day of January 2024.

MATTINGLY LAW FIRM, LLC


By: /s/ *J. Michael Mattingly*
J. Michael Mattingly, OSB# 953498
Mattingly Law Firm, LLC
811 SW Naito Pkwy, Suite 420
Portland, OR 97204
Tel: (503) 313-9038
mmattinglylaw@comcast.net

Attorney for Plaintiffs Stacy Albert Clark, Dylan L. Peppers, and Rae Anne Wilks

13 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| STACY ALBERT CLARK, *et. al.*,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES FARR, *et. al.*,<br><br>Defendant(s). | CASE NO. 2:22-CV-00294-SI<br><br>**CERTIFICATE OF SERVICE** |

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof **PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY** in the following manner unless otherwise indicated.

**VIA E-MAIL**

Tracy Ickes White
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Tracy.I.White@doj.state.or.us

*Of Attorneys for Defendant Darin M. Wong*

Robert E. Franz, Jr.
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
rfranz@franzlaw.comcastbiz.net

*Of Attorneys for Defendants James Farr, Rosanna Post, Personal Representative for the Estate of Jason James Post, Adam Gregory, Umatilla County Sheriff's Office, Umatilla County, Milton-Freewater Police Department, and City of Milton-Freewater*

Dated this 5th day of January, 2024.

MATTINGLY LAW FIRM, LLC

/s/ J. Michael Mattingly
J. Michael Mattingly

*Attorney for Plaintiffs Stacy Albert Clark, Dylan Peppers, and Rae Anne Wilks*

14 - PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF "USE OF FORCE REVIEW BOARD" RECORDS FROM DEFENDANT UMATILLA COUNTY

Mattingly Law Firm, LLC
12725 SW Millikan Way, Suite 300
Beaverton, OR 97005
T: 503.313.9038 | E: mmattinglylaw@comcast.net